SABIN D. PUTERBAUGH, Appellant, *v.* URI WINCHESTER, Appellee.

### APPEAL FROM TAZEWELL.

Where a person sells six mules under price, upon the agreement that the purchaser shall recover the mules, they having escaped from a pasture, he cannot recover the price of a mule that he does not find.

THIS was an action of assumpsit, brought by Winchester against Puterbaugh, and tried before HARRIOTT, Judge, and a jury, at the June term, 1861, Tazewell Circuit Court.

The declaration was in assumpsit, and contained the usual common counts, and three special counts.

The general issue and several special pleas were filed.

At the trial of the cause, the plaintiff offered in evidence the following bill and receipt:

PEKIN, April 7, 1859.

Uri Winchester bo't of S. D. Puterbaugh,
   Six mules,                                             $300.

Rec'd payment, by J. Wagenseller's draft on B. S. Prettyman, for that amount.
                                        S. D. PUTERBAUGH.

It appeared, in evidence, that Puterbaugh had six mules in a pasture, from which they escaped. The six mules were sold for three hundred dollars. Winchester was to get the mules up; that Puterbaugh sold the mules at a low price, to get rid of the trouble of getting them up. It appeared that one of the mules had been taken away by a man of the name of Weed. It is not shown when Weed took the mule.

The court, at the instance of the plaintiff, gave the following instructions, to which defendant excepted:

If the jury believe, from the evidence, that the defendant sold six mules to the plaintiff, the fact of selling the same was an implied guaranty, on the part of the defendant, that he had a good title to the same, and a good right to sell and deliver them.

It makes no difference in law what price Winchester gave for the mules; if the jury believe, from the evidence, that Puterbaugh sold the same to the plaintiff, and agreed to de-

liver, and did not, or could not deliver the same to the plaintiff according to the contract, they will find for the plaintiff, so much as the mule not delivered was reasonably worth.

The court instructed the jury, at the instance of the defendant, as follows:

The court instructs the jury, that if they believe, from the evidence, that Puterbaugh, at the time of the sale of the mules in question, did not have possession of the mule in question, then, unless the jury further believe, from the evidence, that Puterbaugh agreed to deliver the possession of the mule to the plaintiff, they will find for the defendant.

The court instructs the jury, that the plaintiff cannot recover under the pleadings in this cause, unless he has proved an agreement to deliver the six mules in question, and a refusal on the part of the defendant to deliver.

If the jury believe, from the evidence, that Winchester was to run the risk of getting the mule in question, they will find for defendant.

The court refused the following instruction, which was asked by defendant; to which defendant then and there excepted:

If the jury believe, from the evidence, that at the time of the sale of the mule in question, to Winchester, by Puterbaugh, the mule was in adverse possession of another person, claiming it adversely to Puterbaugh, then the plaintiff cannot recover for the failure or refusal to deliver the mule.

Thereupon, the jury found for Winchester, $125.50, and judgment was entered upon the verdict. Whereupon, Puterbaugh moved for a new trial, which was denied.

ROBERTS & IRELAND, for Appellant.

B. S. PRETTYMAN, for Appellee.

WALKER, J. The evidence in the record shows, it was a part of the agreement, when the sale was made, that appellee should get up the mules, which were then running at large. It was no part of the agreement, that appellant was to get them up, or deliver them to appellee. He seems to have sold the mules to appellee for less than their value, to avoid a de-

livery. Appellee took the risk of getting the mules, and if they were not found, it is his loss, and not that of appellant. When he failed to find the mule, he had no right to recover its value of appellant, who had made his contract that he was not to deliver it, nor can the law imply such an undertaking, against the express agreement of the parties.

If the evidence had shown, that Weed had taken the mule before appellant made the sale, it might be that appellee could recover the price paid for the animal. The evidence, however, fails to show when it was taken. If after the sale, then the loss was appellee's; otherwise, it would be the appellant's. If there was a right of recovery, it was not under the special counts of this declaration, as the evidence shows a different contract from that declared upon in these counts. In such a case, the recovery could be had under the count for money had and received, as a want of ownership of the property sold would have given the appellant no right to retain the price received, as if Weed had taken the property to Missouri and converted it before the sale; as it would not have been in the situation that the parties supposed, at the time the sale was made. It would be otherwise, if appellee had agreed to run all risks, and take the property as it might be at the time, unless appellant concealed facts relating to its situation, from appellee.

The finding of the jury was against the instructions of the court, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*